UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BROWN,  )  <br>   Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> PETERS, *et al.*,  ) <br>   Defendants.  ) | Case No. 25-1454 |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Illinois River Correctional Center ("Illinois River"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## ALLEGATIONS

Plaintiff files suit against Dietary Managers Peters and Willis, Dietary Supervisors Wilcoxen, Harmon, Knowles, Reneau, and Smithers, Chaplain Thousand, Grievance Officer Lynette Boughan, and Counselor Hubbard.

1

Plaintiff alleges he is a Hebrew Israelite and is required to abstain from consuming yeast or leaven during Passover and to remove all food items containing yeast or leaven from his dwelling.

Plaintiff states he submitted a request to an unidentified chaplain at Illinois River to participate in Passover in April 2025 and received approval to receive the Passover meals.

Plaintiff alleges he went to Dietary for the Passover meals on April 12-19, 2025. During each meal, Plaintiff alleges the Hebrew Israelite and Jewish inmates were separated into two groups. Plaintiff claims the Jewish inmates received commercially prepared Passover meals, but he and the other Hebrew Israelite inmates received meals containing yeast or leaven. For instance, on April 12, 2025, Plaintiff was served two breaded chicken patties and saltine crackers. On April 13, 2025, Plaintiff was served cornbread and saltine crackers. Plaintiff alleges he informed unidentified Dietary Supervisors that his meals contained yeast or leaven.

Plaintiff alleges Defendants Counselor Hubbard and Grievance Officer Boughan did not provide proper responses to the grievances he filed about the Passover meals.

Plaintiff alleges Defendants Dietary Managers Peters and Willis and Dietary Supervisors Wilcoxen, Harmon, Knowles, Reneau, and Smithers violated his First Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by serving meals containing yeast or leaven during Passover. Plaintiff claims Defendant Chaplain Thousand failed to ensure Dietary provided meals that complied with the dietary requirements for Passover.

## ANALYSIS

Individuals in custody have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison. *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). The Free Exercise

Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Isby-Israel v. Lemmon*, No. 13-172, 2016 WL 3072177, at *4 (S.D. Ind. June 1, 2016) (internal quotation omitted). "[A] substantial burden on the free exercise of religion . . . is one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or expression that manifests a central tenet of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs." *Id.* (quoting *Koger v. Bryan*, 523 F.3d 789, 798-99 (7th Cir. 2008)). Denying an inmate access to a diet that is required by his religion places a substantial burden on the inmate's free exercise rights. *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016); *Nelson v. Miller*, 570 F.3d 868, 879 (7th Cir. 2009) ("[A] prisoner's religious dietary practice is substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition.").

Under RLUIPA, officials may not substantially burden an individual's religious exercise unless there is a compelling government interest at stake. RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Sovereign immunity shields state officials from monetary damages in their official capacity. *Sossamon v. Texas*, 131 S. Ct. 1651, 1663 (2011). RLUIPA allows for declaratory and injunctive relief, but not compensatory damages, and may be asserted against defendants in their official, but not individual capacities. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012).

Although Plaintiff alleges violations of RLUIPA and his constitutional rights, Plaintiff did not include specific allegations to demonstrate that Chaplain Thousand, Dietary Managers Peters and Willis, and Dietary Supervisors Wilcoxen, Harmon, Knowles, Reneau, and Smithers were personally involved in any constitutional deprivation. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendants cannot be liable based only on their supervisory roles as a Chaplain, Dietary Manager, or Dietary Supervisor. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendants Thousand, Peters, Willis, Wilcoxen, Harmon, Knowles, Reneau, and Smithers are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

While Plaintiff is critical of how his grievances were handled, this is not enough to plead personal liability under § 1983 against Defendants Grievance Officer Boughan and Counselor Hubbard. "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citations omitted). Defendants Boughan and Hubbard are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

**1)    Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its**

entirety. **The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.**

    2)    **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

ENTERED:    2/18/2026

        <u>s/ Michael M. Mihm</u>
        Michael M. Mihm
        United States District Judge